125 N.J. Super. 438 (1973)
311 A.2d 389
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HAROLD RICHARD JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1973.
Decided November 7, 1973.
*439 Before Judges LEONARD, ALLCORN and CRAHAY.
Ms. Mary Aurigemma, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Michael H. Stieber, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. Martin F. Siegal, Assistant Prosecutor, of counsel).
PER CURIAM.
Defendant was found guilty by a jury of possession of heroin contrary to N.J.S.A. 24:21-20 and appeals.
He first argues that his trial under the indictment constituted double jeopardy and that the court erred in not granting a pretrial motion to dismiss it. A prior indictment charging the same offense had been dismissed before trial as a matter of calendar control. This point lacks merit. State v. Farmer, 48 N.J. 145, 169 (1966).
We find no substance in defendant's contention that he was denied equal protection of the law and due process under the Fourteenth Amendment grounded in the argument that the prosecutor exercised peremptory challenges under R. 1:8-3(d) in excusing black persons from the jury. There is no warrant for examining into counsel's employment of peremptory challenges nor any constitutional infirmity in their use. As Justice White observed in Swain v. Alabama, 380 U.S. 202, 222, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965), reh. den. 381 U.S. 921, 85 S.Ct. 1528, 14 L.Ed.2d 442 (1965):
In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution *440 of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it * * *.
Lastly, and as plain error, defendant contends that a portion of the prosecutor's summation which included what might be termed a snide reference to his counsel  alluding to his age and appearance  constituted an inflammatory and prejudicial summation. Our review of the remark in context satisfies us that while it might have been better left unsaid, it did not tend to inflame the jury, mislead it, or prejudice it against the defendant. In no event does it constitute plain error. R. 2:10-2; State v. LaPorte, 62 N.J. 312 (1973).
Affirmed.