STATE OF NEW JERSEY, PLAINTIFF, v. ALLEN BASS AND RENEE NICELY, DEFENDANTS.

Superior Court of New Jersey
Law Division Essex County

Decided May 16, 1983.

See also, 189 N.J.Super. 461.

*Michele Adubato* for defendant Allen Bass (*David Glazer,* attorney).

*William Graves* for defendant Renee Nicely (*Joseph H. Rodriquez,* attorney).

*Hilary Brunell* for plaintiff (*George L. Schneider,* Essex County Prosecutor, attorney).

STERN, J.S.C.

 Defendant Nicely moves for an order precluding the prosecutor from exercising peremptory challenges against minority groups or limiting the use of such challenges in this death penalty case. Alternatively, Nicely requests directions to the prosecutor concerning his use of peremptory challenges. She also seeks an order prohibiting "death qualification" of persons because the practice discriminates against ideological and religious groups. Defendant Bass joins the motions.

The Supreme Court of Florida and federal District Court in Florida have recently rejected similar arguments on application to vacate a death penalty. *See Dobbert v. State,* 409 *So.2d* 1053 (Sup.Ct.Fla.1982); *Dobbert v. Strickland,* 532 *F.Supp.* 545, 561–562 (D.Ct.1982). As it relates to federal grounds, the pending

motion is denied for the reasons stated in the *Dobbert* opinions. However, because the issue was raised in *Dobbert* after conviction (see also *Dobbert v. State,* 328 *So.*2d 433 (Sup.Ct.Fla.1976) aff. *sub. nom Dobbert v. Florida,* 432 *U.S.* 282, 97 *S.Ct.* 2290, 53 *L.Ed.*2d 344 (1977)) and not pretrial, some additional comments are necessary.

■ The prosecutor has a right to exercise peremptory challenges. See *Swain v. Alabama,* 380 *U.S.* 202, 221–222, 85 *S.Ct.* 824, 836–837, 13 *L.Ed.*2d 759 (1965), reh. den. 381 *U.S.* 921, 85 *S.Ct.* 1528, 14 *L.Ed.*2d 442 (1965):

> "The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it." 380 *U.S.,* at 222, 85 *S.Ct.,* at 837.

■ If a record were developed showing systematic exclusion in the county, the presumption may be overcome. *Id.,* 380 *U.S.,* at 223–224, 85 *S.Ct.,* at 837–838. See also *Peters v. Kiff,* 407 *U.S.* 493, 92 *S.Ct.* 2163, 33 *L.Ed.*2d 83 (1972). Independently, at least where special circumstances are indicated with respect to the facts of a particular case the court should inquire at voir dire into possible ethnic or racial prejudice of prospective jurors. *Rosales-Lopez v. United States,* 451 *U.S.* 182, 101 *S.Ct.* 1629, 68 *L.Ed.*2d 22 (1981) (federal practice); *Ristaino v. Ross,* 424 *U.S.* 589, 96 *S.Ct.* 1017, 47 *L.Ed.*2d 258 (1976); *Ham v. South Carolina,* 409 *U.S.* 524, 93 *S.Ct.* 848, 35 *L.Ed.*2d 46 (1973). No showing or request has been made in this case.

■ The same holding is required under State law with respect to defendants' desire to limit or prohibit the exercise of peremptory challenges by the prosecutor, at least absent a showing of exclusion solely based upon race or class. *See, e.g., State v. Smith,* 55 *N.J.* 476, 483–484 (1970); *State v. Johnson,* 125 *N.J.Super.* 438 (App.Div.1973); *R.* 1:8–3(d).

Finally, it must be concluded that in approving the practice of "death qualification," both the federal and State Supreme Courts have by implication rejected the contention that it is unconstitutionally arbitrary and therefore, by implication, that it discriminates against certain religious groups, or religious principles, or is an infringement of the free exercise of religion protected by the First Amendment and *N.J.S.A.* Const. (1947) Art. 1, ¶ 5. *See, e.g., Adams v. Texas,* 448 *U.S.* 38, 100 *S.Ct.* 2521, 65 *L.Ed.*2d 581 (1980); *Witherspoon v. Illinois,* 391 *U.S.* 510, 88 *S.Ct.* 1770, 20 *L.Ed.*2d 776 (1968); *State v. Holland,* 59 *N.J.* 451 (1971); *State v. Mathis,* 52 *N.J.* 238 (1968), rev. 403 *U.S.* 946, 91 *S.Ct.* 2277, 29 *L.Ed.*2d 855 (1971). As indicated in the *Dobbert* opinions, the *Swain* rule relating to systematic exclusion has never been applied to "death qualification."

The motions are denied.